Frank A. CARTER, Jr., Chief
Disciplinary Counsel

v.

Leonard KAMARAS.

No. 84–377–M.P.

Supreme Court of Rhode Island.

July 26, 1984.

ORDER

This case comes before us on an order issued to the respondent attorney, to show cause why he should not be disciplined pursuant to a finding made by the Disciplinary Board of this court that the respondent engaged in conduct in violation of DR 1–102(A)(4) and (5) and DR 7–102(A)(3).[1]

The respondent[2] represented a husband in a Family Court proceeding. During the pendency of this action, respondent, on behalf of his client, filed a motion to modify support payments alleging that the husband "ha[d] suffered disabling illness and physical injury, both of which have necessitated his inability to work and earn regular wages * * *." Accordingly, the motion requested that support be reduced to reflect the changed financial circumstances.

The record discloses that in the latter part of 1981, the husband was being treated for hepatitis. However, shortly thereafter a diagnosis indicated that he did not have that illness. The husband brought this to the attention of respondent. In December of 1981, the husband suffered a back injury which prevented him from pursuing his duties as a member of the Cranston Emergency Squad.

Prior to the hearing on the husband's motion, the rules of the Family Court necessitated that a needs sheet be prepared by the parties involved in the action. In preparing the needs sheet on behalf of his client, respondent failed to enter any earnings in the space provided for income. The respondent-attorney failed to list the earnings of his client despite being aware that he was receiving his regular weekly salary and that there was no change in his earned income. Moreover, at the time, the husband had in his possession a check in the sum of $15,000 payable to him. The check was in settlement of a claim that he had had. The respondent also failed to list this sum in the needs sheet. The respondent at the time of the hearing on the motion to modify represented to the court that, "[t]he check was paid to me and I have a large sum of money due for services rendered, which may very well approach $15,000." Furthermore, the husband stated that respondent told him, "[d]on't say how much you're getting of this check. It's all mine." However, the day after the hearing on the motion, respondent cashed the check and applied only $5,000 to his fee. The remainder was turned over to the husband's parent in repayment of an alleged loan.

The record also reveals that the trial justice of the Family Court who heard the motion to modify was of the opinion that the court was "being put upon."

After the hearing, and in consideration of the arguments of counsel, the board found that respondent intentionally attempted to misrepresent to the court that the husband's wages had diminished. Additionally, the board found that respondent intentionally misrepresented to the court his entitlement to the $15,000 check which the husband had had in his possession.

The license to practice law is granted upon the condition that a lawyer will conduct himself properly and will not engage in practice that will tarnish his reputation

---

1. DR 1–102(A)(4) provides that "[a] lawyer shall not [e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation." DR 1–102(A)(5) provides that "[a] lawyer shall not [e]ngage in conduct that is prejudicial to the administration of justice."

DR 7–102(A)(3) provides that "[i]n his representation of a client, a lawyer shall not [c]onceal or knowingly fail to disclose that which he is required by law to reveal."

2. The respondent was admitted to the practice of law in 1945.

or bring disrepute to the legal profession or impeach the integrity of the judicial system. Lawyers are professional people, and as officers of the court they are in a position of trust. In discharging this trust, even though our system of justice is adversary, lawyers have an obligation to seek and adhere to the truth. *See In re Bucci,* 119 R.I. 904, 912, 376 A.2d 723, 727 (1977) (Kelleher, J. dissenting).

As a result of our examination of the record, and keeping in mind the obligation placed upon a lawyer at the time he takes his oath,[3] we are of the opinion that the

respondent's actions are of a type that bring disrepute to the legal profession. We believe that the evidence supports the findings of the board that the respondent's misrepresentations were intentional. The respondent's conduct before the trial justice of the Family Court reflects upon his fitness to practice law and warrants the imposition of discipline.

Accordingly, the respondent, Leonard Kamaras, is publicly censured.

MURRAY, J., did not participate.

---

3. The oath provides:
   "You solemnly swear that in the exercise of the office of attorney and counselor, you will do no falsehood, nor consent to any being done; you will not wittingly or willingly promote, sue or cause to be sued any false or unlawful suit; or give aid, or consent to the same; you will delay no man's cause for lucre or malice; you will in all respects demean yourself as an attorney and counselor of this court and of all other courts before which you may practice uprightly and according to law, with fidelity as well to the court as to your client; and that you will support the constitution and laws of this state and the constitution and laws of the United States. So help you God." Sup.Ct.R. 39.